## QUIMBY vs. WROTH.

1811.
DEC. (E. S.)

Quimby
vs
Wroth

In replevin for a negro, where the act of limitations was relied on, the plaintiff, in order to prevent the operation of that act, proved by a witness that the defendant, after the institution of the suit, said "that if the negro did not belong to him, he did not want him, and no property he had was his, and that no law suit was necessary." The competency of the witness was objected to, and evidence was given that he had sold the negro of J W, under whom the defendant claimed him by a bill of sale dated in 1792, with a general warranty; but it wa proved that the witness was in that year discharged under an insolvent law—Held, that the witness was competent, and the evidence was permitted to be given to the jury.

APPEAL from *Kent* County Court. Action of replevin for a negro slave named *Joseph.* The writ issued on the 11th of March 1809. The defendant, (now appellant,) pleaded, 1. Property in himself. 2. *Non cepit infra tres annos;* and 3. *Actio non accrevit infra tres annos.* General replication and issue joined to the *first* plea. To the *second* plea. the plaintiff, (the appellee,) replied, that the defendant had for three years held the possession of the negro man, under the *pretence* that the right of property was not in the plaintiff, but that he acknowledged himself content that the plaintiff should recover the possession of the negro, provided he had the right and the property in him. To the *third* plea he replied, that the cause of action did accrue within three years, to wit, on the 20th of March 1806. Rejoinder to the *second* replication, that he the defendant held the negro for more than three years in his own right and property, and hath never, at any time with in three years, acknowledged himself content that the plaintiff should recover possession. Surrejoinder, protesting that the facts stated in the replication are true; and joins issue that the defendant hath within three years acknow ledged himself content, &c. *Verdict,* 1. That at the time of taking, &c. the property of the negro was in the plain tiff. 2. That the defendant "did not hold possession of the negro under the pretence that the right and property was not in the plaintiff, but hath acknowledged himself content that the plaintiff should recover possession of the negro, provided the plaintiff should prove the right and property of the negro to be in him the plaintiff." 3. That the cause of action did accrue within three years.

1. At the trial the plaintiff produced *John Willis* as a witness, and offered to prove by him that the negro man named *Joseph,* mentioned in the declaration, was held by a certain *James Wroth,* who by his last will and testament, dated the 7th of October 1784, bequeathed the same negro to the plaintiff, to remain in his mother's care, and for his use, until he arrived at age; which will he read in evidence. And that the witness afterwards intermarried with *Ann Wroth,* the wife of *James Wroth,* the testator, and at that time the said negro was in the possession of the said *Ann Wroth,* the wife of the said testator, and the mother of the plain-

1811.
Quimby
vs
Wroth

tiff. He further offered to prove by the same witness, whom he showed had been discharged by the insolvent law in the year 1792, that he had heard the defendant say, since the original writ impetrated in this cause, "that if negro *Joseph* did not belong to him he did not want him, and no property he had was his, and that no law suit was necessary." The defendant then objected to the competency of the said witness, and produced his deed to *James Wroth*, junior, under whom the defendant claims, dated the 10th of August 1792, whereby, in consideration of £120, *Willis* the witness granted, &c. unto *J. Wroth*, all his goods and chattels, &c. and amongst others the said negro *Joseph*, &c. with a general warranty. This deed of sale was duly acknowledged and recorded. But the court, [*Worrell*, A. J.] was of opinion, that the witness was competent, and that the testimony was proper. The defendant excepted.

2. The plaintiff then offered to prove by *John Willis*, a witness sworn, that he had heard the defendant in August 1809 say, that if negro *Joe*, the negro named in the declaration, was not his, he had no property, and that he did not want him, and that no law suit was necessary. To this testimony the defendant objected; but the court permitted the same to be given to the jury. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before POLK, NICHOLSON, and JOHNSON, J.

*Carmichael*, for the Appellant, referred to *Galligher vs. Hollingsworth*, 3 *Harr. & M'Hen.* 122; and *Peake's Evid.* 300, 307.

*Chambers*, for the Appellee, cited *Morris's Lessee vs. Vanderen*, 1 *Dall. Rep.* 65. *Bent vs. Baker*, 3 *T. R.* 27. *Walton vs. Shelley*, 1 *T. R.* 298, 301. *Jordaine vs. Lashbrooke*, 7 *T. R.* 601. *Oxenden vs. Penerice*, 2 *Salk.* 691; and 1 *Selw. N. P.* 321.

THE COURT concurred in opinion with the court below on both the bills of exceptions, and

JUDGMENT AFFIRMED.